IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD P. MELVIN,<br><br>          Plaintiff,<br><br>vs.<br><br>CONFEDERATED SALISH AND KOOTENAI TRIBES; LOUIS FIDDLER, TRIBAL OFFICER; and BEN ASENCIO, TRIBAL OFFICER,<br><br>          Defendants. | CV 23–137–M–DLC<br><br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation in this case on September 30, 2024, recommending that the Court dismiss Plaintiff Ronald P. Melvin's Complaint (Doc 1) for lack of subject matter jurisdiction. (Doc. 13 at 10.) Plaintiff timely filed objections to the Findings and Recommendation. (Doc. 9.) Consequently, Plaintiff is entitled to *de novo* review of those findings and recommendations to which he has specifically and properly objected. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

-1-

## BACKGROUND

On November 14, 2023, Melvin, proceeding pro se, filed a Complaint identifying the Confederated Salish and Kootenai Tribes ("CSKT"), Officer Louis Fiddler, and Officer Ben Asencio as Defendants. (Doc. 1 at 1.) Melvin alleges violations of his constitutional rights and brings his claims pursuant to 42 U.S.C. § 1983. (*Id.* at 5.) Specifically, Melvin alleges that Officers Fiddler and Asencio filed false reports resulting in Melvin being taken to Lake County Jail for driving and drinking and outstanding warrants. (*Id.* at 6.)

On December 6, 2023, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. 5.) Defendants argued that the matter should be dismissed under Rule 12(b)(6) because the tribal officers have qualified immunity and the complaint fails to establish that a constitutional right was violated. (Doc. 6 at 1–2.) Defendants further argued that because the Court lacks jurisdiction over the Defendants, the matter should be dismissed under Rule 12(b)(1). (*Id.* at 2.)

Judge DeSoto found that CSKT has sovereign immunity, and therefore, recommended that Melvin's claims against CSKT be dismissed for lack of subject matter jurisdiction. (Doc. 13 at 7.) Judge DeSoto further recommended that because Officers Fiddler and Asencio did not act under color of state law, Melvin's claims against them under § 1983 should be dismissed. (*Id.* at 10.) Finally, Judge

DeSoto found that the pleading deficiencies identified could not be cured by amendment, and therefore, the case should be dismissed without leave to amend. (*Id.*)

On October 15, 2024, Melvin filed his Response to Findings and Recommendations Statement of Facts Recommendation, which the Court construes as objections to the Findings and Recommendation. (Doc. 16.) Melvin has also filed a Motion for Summary Judgment. (Doc 11.)

## DISCUSSION

Melvin's objections are neither specific nor proper and, therefore, do not warrant *de novo* review of Judge DeSoto's Findings and Recommendation. A proper objection must "itemize" each factual finding and recommendation to which objection is made, "identifying the evidence in the record the party relies on to contradict that finding . . . [and] setting forth the authority the party relies on to contradict that recommendation." D. Mont. L.R. Civ. 72.3(a) (Dec. 1, 2023).

Melvin's "objection" concludes that "[t]ribal sovereign immunity does not extend to officials when acting in their Official Capacity and within the scope of their Authority. These tribal officers aided and abetted a criminal act. Tribal immunity does not extend to criminal activity." (Doc. 16 at 2.) Melvin neither identifies evidence in the record to contradict Judge DeSoto's findings nor sets forth any authority that supports his "objection."

-3-

Absent a proper objection, the Court reviews findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Judge DeSoto properly identified the two ways in which a tribe may lose its immunity from suit: "[c]ongress may abrogate tribal immunity [or] a tribe may itself waive immunity." (Doc. 13 at 6 (quoting *Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011, 1016 (9th Cir. 2016))). Because Melvin did not allege that congress abrogated CSKT's immunity or that CSKT waived its immunity, Judge DeSoto properly concluded that CSKT's sovereign immunity precludes subject matter jurisdiction over CSKT in this matter. (*Id.* at 7 (citing *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015–16 (9th Cir. 2007).

Judge DeSoto also properly identified "[t]he general rule . . . that tribal police officers do not act under color of state law within the meaning of § 1983." *Lafley v. Adams*, 2020 WL 4550467, at *3 (D. Mont. July 13, 2020), *report and recommending adopted*, 2020 WL 4530433 (D. Mont. Aug. 6, 2020) (citing *R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979, 982 (9th Cir 1983)). Judge DeSoto concluded that because on the facts alleged Officers Fiddler

and Asencio were acting under color of tribal law, not state law, Melvin's claims against them under § 1983 should be dismissed. (Doc. 13 at 9–10.)

Reviewing Judge DeSoto's Findings and Recommendation, the Court finds no error in Judge DeSoto's application of the law to the facts of this case.

Accordingly, IT IS ORDERED:

1. Judge DeSoto's Findings and Recommendation (Doc. 13) are ADOPTED IN FULL;

2. Plaintiff Ronald Melvin's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction;

3. Plaintiff's pending Motion for Summary Judgment (Doc. 11) is DENIED as moot; and

4. The Clerk of Court is directed to enter, by separate document, judgment of dismissal pursuant to Fed. R. Civ. P. 58 and to close this matter. No further filings will be accepted.

DATED this 21st day of October, 2024.

Dana L. Christensen, District Judge
United States District Court